# CASES

## ARGUED AND DETERMINED

### IN THE

## UNITED STATES CIRCUIT COURTS OF APPEALS AND THE CIRCUIT AND DISTRICT COURTS.

FORREST *et al. v.* UNION PAC. R. Co.

*(Circuit Court, D. Washington. July 17, 1891.)*

1. REMOVAL OF CAUSES—WAIVER OF OBJECTIONS TO SERVICE.
   The filing of a petition and bond by a defendant corporation to remove a cause to the federal court does not waive an objection that the summons was served upon one who was not the company's agent, and such question may be presented to the federal court for decision.

2. PROCESS—SERVICE ON AGENT.
   The certificate of a sheriff that service was made upon a person named as agent of defendant is not conclusive that such person was an agent, and the same may be contradicted, tried, and determined, as any other question of fact, upon an issue raised by special plea to the jurisdiction.

At Law. Action to recover damages for personal injuries.

*W. H. Snell,* for plaintiffs.

*W. W. Cotton* and *John F. Hartman, Jr.,* for defendant.

HANFORD, J. This is an action, commenced in the superior court of Thurston county, to recover damages for personal injuries received by a passenger on the Union Pacific Railroad. At the time of filing its petition for removal of the case to this court the defendant entered a special appearance in the superior court, and filed a motion to quash the return of service upon the summons, based upon an affidavit alleging that the person to whom the papers were delivered was not at the time, and never had been, the president, secretary, cashier, manager, freight agent, or other agent of the defendant company, and that the copy of the complaint served upon him was not certified by the plaintiffs' attorneys or the clerk of the court. The sheriff, in his return upon the summons, .certifies that J. C. Percival, who made said affidavit, was at the time of service of the papers an agent of the defendant. The affidavit mentioned is also controverted by an affidavit filed in this court by one of the plaintiffs, alleging that said J. C. Percival has during the past year acted as a ticket agent for the defendant, and held himself out to be such agent, and that as such agent he sold the ticket upon which the injured plain-

v.47F.no.1—1

tiff was traveling on the defendant's railroad at the time of the accident which caused the injury.

The first question to be decided is whether the defendant has not waived all objections to the jurisdictional process and the service thereof, by filing the petition and bond for removal. Upon this question there is a conflict of authority, but in deference to the greater number of decisions bearing upon the question I hold that the objections were not waived, and that the defendant has a right to submit the question for the decision of this court. *Parrott* v. *Insurance Co.*, 5 Fed. Rep. 391; *Atchison* v. *Morris*, 11 Fed. Rep. 582; *Small* v. *Montgomery*, 17 Fed. Rep. 865; *Miner* v. *Markham*, 28 Fed. Rep. 387. The return of the sheriff is sufficient to show proper service of the summons, together with a duly-certified copy of the complaint, upon an agent of the defendant, in strict compliance with the requirements of the statute of this state; and, if uncontroverted, would be sufficient to warrant the court in exercising jurisdiction over the parties in this case. I hold that the official return of a sheriff upon legal process cannot be contradicted, as between the parties to the action in which it is made, as to matters in which the officer must necessarily certify to facts from his own personal knowledge; but it may be contradicted as to matters in which necessarily he must be dependent upon information obtained by inquiry; for example, the fact as to whether a person was or not an agent of a corporation. I hold that, as to such fact, if an officer through a mistake caused by misinformation certifies that a particular person was an agent, the corporation is not bound by his certificate, but may in the same proceeding establish the truth by evidence. I consider, however, that, where there is controversy as to such fact, the court ought not to assume to try upon affidavits, nor allow the issue to be raised by a motion; the issue should be raised by a special plea to the jurisdiction, and tried and determined like any other question of fact affecting the rights of the parties in the action. Therefore this motion will be denied, but without prejudice to the filing of a plea or answer denying the jurisdiction of the court, for want of legal service of the summons and a copy of the complaint upon the defendant. The facts disclosed in the record and the affidavits on file and the statements of counsel upon the argument show that by a most ingenious combination of a number of corporations under the name of "The Union Pacific System" a large business is being carried on in the transportation of freight and passengers, and lines of railway and steam-boats are being operated in this state in such a way as to avoid liability for the manner of doing business, and to evade the process of the courts of this state. It is said that the Union Pacific Railway Company does not issue tickets for passage over the transportation lines which it controls, but tickets are issued and the business is transacted in the name of "The Union Pacific System," which is neither a person nor a thing, but a myth. I am therefore the more inclined to insist on having the question which has been argued upon this motion put in definite form and fairly tested on account of the interest which the public has in the determination of it.