[Civ. No. 1419. First Appellate District.—January 18, 1915.]

## MARY PAGANINI, Appellant, v. CATHARINA POLOS-TRINI, as Administratrix, etc., Respondent.

HUSBAND AND WIFE—FURNISHING NECESSARIES TO MINOR FROM COMMUNITY PROPERTY—ACTION BY WIFE FOR—NONSUIT.—A married woman living with her husband has no cause of action to recover the reasonable value of necessaries of life furnished a minor while not under the care of its parents or guardian, and which minor was living in the home of the plaintiff and her husband and was being supplied with such necessaries out of their community property; and in such an action by the wife alone a nonsuit was properly granted.

ID.—PARTIES—RIGHT OF HUSBAND TO SUE—COMMUNITY PROPERTY.—Such a case is not one of defect or nonjoinder of parties plaintiff, and the sole right of recovery in such a transaction is in the husband, he being in full control of the community property and alone having the original right to sue.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. James M. Seawell, Judge.

The facts are stated in the opinion of the court.

James M. Thomas, for Appellant.

T. Z. Blakeman, for Respondent.

THE COURT.—This is an appeal from an order of the trial court granting a motion for nonsuit.

The plaintiff, a married woman living with her husband, brings this action to recover the reasonable value of certain necessaries of life furnished a minor while not under the care of his parents or guardian, and while said minor was living in the home of the plaintiff and her husband, and was being supplied with such necesaries out of their community property. There is no averment or proof that the plaintiff rendered to the minor any special service, or expended upon him any money form her own separate estate. On the contrary, it appears that the necessaries which the minor received were furnished chiefly from the grocery store of her husband, from which the general supplies of the household were taken. Upon the conclusion of the plaintiff's case in which these facts appeared, the defendant moved for a nonsuit upon the ground that the plaintiff had no right of action, and that the husband would have been the only proper party to bring the suit.

We think the court committed no error in granting the motion for nonsuit. This is not a case of defect or nonjoinder of parties plaintiff. The sole right of recovery in this transaction was in the husband, and he alone had the original right to sue. The cases cited by the appellant have no application to the question in issue here. In each of these cases the plaintiff, the wife, was suing in her own name on account of some special contractual or personal right of her own which had been violated; as in the case of *Schwarze* v. *Mahoney,* 97 Cal. 133 [31 Pac. 908], for the unlawful detainer of premises of which she was the lessor; and in the case of *Tingley* v. *Times-Mirror Co.,* 151 Cal. 2, [89 Pac. 1097], for damages for libel directly affecting the plaintiff's personal character; and in the case of *Baldwin* v. *Second*

*Street Cable Ry. Co.*, 77 Cal. 391, [19 Pac. 644], for personal injuries suffered by the plaintiff in a railway accident. In each of these cases the plaintiff, if unmarried, would have had the sole right of recovery, and being married she had not lost that right, but was only obliged by the statute to join her husband with herself as a formal party plaintiff in its assertion. Her failure in such cases so to do would be the proper subject of dilatory pleas, which would be waived by their nonassertion; but this is not one of such cases. Here the community property has been used to furnish necessaries to a minor child. Under the terms of the statute the reasonable value of such necessaries may be recovered in a proper action; but the husband being in full control of the community property, and hence of all choses in action accruing out of its use, is the only proper person to bring the action for the recovery of the reasonable value of such property so employed. There is no right of action whatever in the wife in such a case (*Duncan* v. *Duncan*, 6 Cal. App. 404, [92 Pac. 310]), and hence in this case none could be established by the proofs. It is not a case of nonjoinder of the husband, or of mere want of legal capacity in the plaintiff to sue. It is a case where one, having no right of action in herself, has nevertheless brought suit. The objection was properly made by motion for nonsuit, and the nonsuit was therefore properly granted.

Judgment affirmed.