BULL et al. v. CHICAGO, M. & ST. P. RY. CO.

(District Court, W. D. Washington, N. D. Feb. 19, 1925.)

No. 9081.

1. **Process ⬅➝39—Summons must be subscribed by real plaintiff.**

Under Rem. Comp. St. Wash. §§ 221, 222, a summons, to be legally valid and effective, must be subscribed by the real party in interest as plaintiff.

2. **Husband and wife ⬅➝209(4)—Wife cannot issue summons in action for personal injury to husband.**

Under the law of Washington a wife, living with her husband, is not the real party in interest in an action for a personal injury to the husband, and cannot issue the summons therein.

3. **Removal of causes ⬅➝112—Federal court, after removal, may pass on validity of service.**

The validity of the service may be challenged in the federal court after removal of the cause.

4. **Process ⬅➝163—Summons ineffective to give jurisdiction is not amendable.**

A summons which is ineffective to give the court jurisdiction may not be amended.

At Law. Action by Emerson K. Bull and Bertha Mary Eckley ("Mary Bull"), known as Bertha E. Bull, wife of plaintiff, against the Chicago, Milwaukee & St. Paul Railway Company. On motion to quash summons. Granted.

A complaint, styled as above, was filed in the state court, signed and sworn to by "Bertha Mary Eckley ('Mary Bull')," in which the corporate entity of the defendant is alleged, and that "plaintiffs were and now should be supposed to be husband and wife." It is then alleged that Emerson K. Bull was employed by the defendant during a strike, and that he was assured protection; that while under such protection he was set upon by unknown parties, and "was badly bruised and injured about the left eye, his head, neck, shoulders, arms, and back were badly and painfully bruised and injured, and other parts of his body were painfully bruised and injured," and other injuries are enumerated; that his earning capacity was destroyed and that he is permanently disabled, and judgment is prayed for $75,200. The summons was issued by "Bertha Mary Eckley ('Mary Bull'), plaintiff." A petition for removal was filed, alleging diversity of citizenship and jurisdictional amount prayed, and the action removed to this court. Thereafter in this court a motion to quash and set aside summons was filed, "for the reason that the summons is void on its face, in that said summons is not subscribed by the plaintiff Emerson K. Bull, who is the real party in interest upon whom the tort is alleged to have been committed, and who thereby suffered the alleged injuries." The cause was regularly placed on the motion calendar for hearing. The plaintiff "Bertha Mary Eckley ('Mary Bull')" appeared on such motion day without counsel, and stated that she had employed counsel, but that counsel failed and declined to appear. The matter was on the court's motion continued, to have counsel present or other counsel obtained.

At the next hearing counsel appeared in court and stated that while he had assisted in preparing the complaint he had not appeared in this or the state court, and that he had advised the said plaintiff that he would not appear and that any moneys that had been paid him had been returned to the said plaintiff. Upon request of the said plaintiff the cause was then continued to afford opportunity for her to secure other counsel, which continuance was consented to by the attorneys for the defense. At the appointed time the matter came up regularly upon the motion calendar, the plaintiff not being present nor being represented by counsel. The court thereupon suggested that the cause be further continued and that attorneys for the defendant furnish to said plaintiff a copy of the authorities upon which they relied in support of its motion, and thereafter, it being made to appear that such authorities were duly submitted, and receipt of such list of authorities acknowledged on the 19th day of January, 1925, the matter again came on for hearing upon the motion calendar; the said plaintiff being present in court, and stating that she had been unable to secure counsel. The court thereupon stated that it would take under advisement and consider the record in said cause and authorities submitted.

"Bertha Mary Eckley (Mary Bull)," in pro. per.

George W. Korte, of Seattle, Wash., for defendant.

NETERER, District Judge (after stating the facts as above). [1] Court proceedings can only be instituted by the parties and in the manner provided by law.

Section 221, Rem. C. S. of Wash., provides: "The summons must be subscribed by the plaintiff or his attorney, and directed to the defendant requiring him to answer * * * within twenty days after the service. * * *"

Section 222, Code, supra, provides that the summons " * * * shall be subscribed by the plaintiff * * * with the addition of his postoffice address, at which the papers in the action may be served on him by mail."

Section 281, supra: "Every pleading shall be subscribed by the party or his attorney, and except a demurrer, shall also be verified by the party, his agent or attorney, to the effect that he believes it to be true."

[2] If Bertha Mary Eckley ("Mary Bull") is not the real party in interest, then she could not issue a summons, and the service of a document subscribed by her would be of no effect, nor verify the complaint and commence the action. The complaint implies, if it does not specifically so state, that the plaintiffs are husband and wife. The inference from the relation of Bertha Mary Eckley ("Mary Bull") to the cause of action, is that she is the wife of Emerson K. Bull and has an interest in the community property, accorded by reason of such marriage. I have discovered no averment in the complaint that Emerson K. Bull and this plaintiff are not living together as husband and wife. The injury upon which the complaint is predicated was inflicted upon Emerson K. Bull, and such injury is personal to him, except as the community may lose from the earning capacity of the husband during the continuance of the marital relation. Damages resulting from injury to the husband may endure long after the community is dissolved, and while injury to either spouse, during the marriage relation and while living together as such, is community property, it is not such property for which the wife may institute an action.

The Supreme Court of Washington in Hawkins v. Front Street Cable Ry. Co., 3 Wash. 592, at page 595, 28 P. 1021, 1022 (16 L. R. A. 808, 28 Am. St. Rep. 72), said: " * * * The right to sue for a tort which one has suffered is a chose in action, and therefore property, in those states where, as here, all property acquired by either spouse * * * is common or community property, this chose in action is suable by that member of the community who has the disposition of the community personalty."

Section 181, Rem. C. S. of Wash., provides: "When a married woman is a party, her husband must be joined with her, except —1. When the action concerns her separate property, or her right or claim to the homestead property, she may sue alone. 2. When the action is between herself and her husband, she may sue or be sued alone. 3. When she is living separate and apart from her husband, she may sue or be sued alone."

Section 182, Rem. C. S.: "Husband and wife may join in all causes of action arising from injuries to the person or character of either. * * *"

Section 6892, Rem. C. S.: "The husband shall have the management and control of community personal property, with a like power of disposition as he has of his separate personal property, except he shall not devise by will more than one-half thereof."

The Supreme Court of Washington, in Hammond v. Jackson, 89 Wash. 510, 512, 154 P. 1106, 1107, said, in construing sections 181 and 182: "Construing these sections, we have repeatedly held that the husband is a necessary party to all actions arising because of personal injuries to the wife, if the parties were living together as husband and wife at the time the injury was received. * * * Indeed, our holding has been that the husband was the only necessary party to such an action." If the husband is the only necessary party to an action for injury to the wife, he surely must be the necessary party to an action for personal injury to himself.

In Hynes v. Colman Dock Co., 108 Wash. 642, 185 P. 617, the Supreme Court said: "The tort action here involved was community personal property, and therefore, under Rem. Code, § 5917 [section 6892, Rem. C. S.], giving the husband like power thereover as he has of his separate personal property, he has the sole power of managing, contracting and disposing thereof. In Hawkins v. Front Street Cable R. Co., 3 Wash. 592, 28 P. 1021, 16 L. R. A. 808, 28 Am. St. Rep. 72, the right to sue for personal injury to the wife was held to be in that member of the community who has the disposition of the community personalty, and 'in this case, therefore, the husband was the only necessary party, though the wife was a proper party.' "

The Supreme Court in the Hawkins Case, supra, further said at page 596 (28 P. 1022): "Our statutes are substantially the same in this respect as those of Texas and California, and we see no reason why we should not follow the decisions of those states."

The Supreme Court of California, in Moody et ux. v. Southern Pac. Co., 167 Cal. 786, 789, 141 P. 388, 390, said: " * * * The husband is the only party entitled to sue in respect to community property, and the wife is neither a necessary nor a proper party to such suit. So far as we are advised, the sole exception to this rule is the

case of an action for damages for injury and suffering of the wife caused by a personal injury to her."

The same court, in Paganini v. Polostrini, 26 Cal. App. 342, 146 P. 1046, where the wife, living with her husband, brought an action to recover value of necessaries furnished a minor while living in the home of the plaintiff and her husband, the trial court having denied the right of recovery, at 1047, (26 Cal. App. 343), said: "The sole right of recovery in this transaction was in the husband, and he alone had the original right to sue."

In Texas & P. Ry. Co. v. Bailey, 83 Tex. 19, 18 S. W. 481, the Supreme Court of Texas, in an action where the husband had suffered personal injury and after suit was brought was declared of unsound mind and his wife secured leave of court to prosecute the suit in her own name, said at 482 (83 Tex. 24): "As the husband is entitled to the possession, control, and sole disposition of the common property of himself and wife, it is necessary that suits for the recovery of such property should be conducted by him, and judgment had in his name; and, in case of his insanity, such suits must, in conformity with the law, be prosecuted in the name of his guardian."

In the Hynes Case, supra, the court cited Ezell v. Dodson, 60 Tex. 331, where it was said the assault and battery was committed on the wife by a third party, and it was explained that the husband did not join because they were living separate and apart, and quotes from the Supreme Court of Texas the following: "The mere fact that husband and wife are not living together does not authorize the wife to sue alone in any case where she could not thus sue if they were not separated. The refusal of a husband to become a party to an ordinary suit to recover community property would not give the wife the power to sue alone, when they were living together and he was exercising rightful control over the common estate. She could not, contrary to his wishes, assume the control over such estate and bring suit for its recovery, and his refusal to join in such an action would be sufficient to defeat it. An ordinary separation, and much less one caused by her own unprovoked abandonment, would not give her more rights in this respect than she would possess if living amicably with her husband. Ordinarily there would be no difference between an action upon contract and upon tort in reference to the wife's right to bring suit without joining the husband as plaintiff, as the one is as

much community property as the other. Cases might, perhaps, arise where the wife could, under their peculiar circumstances, sue alone for a trespass to her person, whether she lived with her husband or apart from him. A less aggravated case of abandonment on his part might be sufficient in some instances to give her this right; or if he was the accessory to the outrage, or in other cases which might be mentioned, the wife would doubtless be allowed to maintain the action alone. It will be sufficient to determine the law of such cases when they arise. This is not one of them, and it is only necessary for us, for the purposes of the present suit, to hold that a mere separation of the husband and wife, and his refusal to join her in the action, is not sufficient to authorize the wife to prosecute alone a suit for assault and battery committed upon her during coverture. This court rightly sustained the exception of defendant, and the judgment is affirmed."

In the same case the court quotes from Hammond v. Jackson, supra (page 644 [185 P. 617]) as follows: "The sole question presented is whether a married woman, living with her husband, may make a valid contract with an attorney to prosecute an action in damages against one by whose negligence she has suffered a personal injury. Rem. & Bal. Code, § 181, provides that, when a married woman is a party, her husband must be joined with her, except (1) when the action concerns her separate property; (2) when the action is between herself and her husband; and (3) when she is living separate and apart from her husband. It further provides that husband and wife may join in all causes arising from injuries to the person or character of either or both of them, or from injuries to the property of either or both of them, or out of any contract in favor of either or both of them. Construing these sections, we have repeatedly held that the husband is a necessary party to all actions arising because of personal injuries to the wife, if the parties were living together as man and wife at the time the injury was received. Schneider v. Biberger, 76 Wash. 504, 136 P. 701 [6 A. L. R. 1056], and cases there collected. Indeed, our holding has been that the husband was the only necessary party to such an action. This on the principle that the claim of damages for the injury was community personal property of the spouses, and since the statute (Rem. & Bal. Code, § 5917), vests in the husband while living with his wife the management and control of such property, he has power to deal with it as if it were his separate

property, which includes the right to maintain actions concerning it, the wife being only a proper party to such actions * * *. From the foregoing it follows, we think, that the wife cannot make a valid contract with an attorney to prosecute an action for personal injuries suffered by herself. Since the husband alone can maintain such an action, it must follow that he has the right to have a voice in any contract that affects the condition upon which the action is to be maintained. To hold otherwise is to hold that the husband's management and control of the community personal property is not absolute as the statute presupposes, but is subject to such contracts as the other spouse may choose to make concerning it. This, we think, is not the meaning of the statute."

The requirement of the statute that a summons shall be authenticated by the signature of the plaintiff or his attorney is vital to the validity of such summons. Hoitt v. Skinner, 99 Iowa, 360, 68 N. W. 788. "A summons must contain all that is required by the statute, whether deemed needful or not." Ward v. Ward, 59 Cal. 139. The conclusion is inevitable that the wife was not the real party in interest and could therefore not issue the summons, no valid service was made, and the court has not jurisdiction of the defendant.

[3] The validity of the service may be challenged in the federal court after removal thereto of the cause. Ostrander v. Deerfield Lbr. Co. (D. C.) 206 F. 540; Forrest v. U. P. Ry. Co. (C. C.) 47 F. 1. The Supreme Court, in General Inv. Co. v. Lake Shore Ry., 260 U. S. 261, at page 268, 43 S. Ct. 106, 110 (67 L. Ed. 244), said: " * * * It is well settled that a petition for removal, even if not containing such a reservation, does not amount to a general appearance, but only a special appearance, and that after the removal the party securing it has the same right to invoke the decision of the United States court on the validity of the prior service that he has to ask its judgment on the merits."

In Courtney v. Pradt, 196 U. S. 89, at page 92, 25 S. Ct. 208, 210 (49 L. Ed. 398), speaking of the United States court, the Supreme Court says: " * * * That court is entitled to pass on all questions arising, including the question of jurisdiction over the subject-matter in the state courts, or the sufficiency of the service of mesne process to authorize the recovery of personal judgment."

In Remington v. Central Pac. R. R. Co., 198 U. S. 95, 25 S. Ct. 577, 49 L. Ed. 959, the Supreme Court held that, if the United

States court is satisfied that the state court, in passing upon jurisdiction, has made a mistake, it has the power to reopen the matter and reconsider the question of jurisdiction. The same court, in Mechanical App. Co. v. Castleman, 215 U. S. 437, said at 443, 30 S. Ct. 125, 128 (54 L. Ed. 272): "Moreover, in cases which concern the jurisdiction of the federal courts, notwithstanding the so-called Conformity Act (Rev. Stats. § 914 [Comp. St. § 1537]), neither the statutes of the state nor the decisions of its courts are conclusive upon the federal courts. The ultimate determination of such questions of jurisdiction is for this court alone."

In Lambert Co. v. Balt. & Ohio R. R. Co., 258 U. S. 377, 382, 42 S. Ct. 349, 351 (66 L. Ed. 671), the Supreme Court said: "If the state court lacks jurisdiction of the subject-matter or of the parties, the federal court acquires none, although it might in a like suit originally brought there have had jurisdiction."

[4] There being no proper process in this case, it may not be amended, as there is nothing to amend. Dwight v. Merritt (C. C.) 4 F. 614. Under such a summons no jurisdiction is obtained, and none can be acquired by amending. Middleton Paper Co. v. Rock River Paper Co. (C. C.) 19 F. 252. I have entered into a fuller discussion of this issue, and quoted more in extenso, because the plaintiff is without an attorney.

The motion to quash is granted.