## UNITED STATES v. PALMER et al.

District Court, D. Massachusetts. April 7, 1927.

No. 2889.

1. **Courts ⊚⟹344(1)—Process may be directed to marshal of another district, when service therein is authorized.**

In cases where service of process in other federal districts is authorized, it is proper to direct the process to the marshals of such districts.

2. **Courts ⊚⟹344(5)—Marshal cannot serve process outside his district, nor serve process directed to marshal of another district.**

A marshal is not authorized to serve process outside of his district, nor to serve process directed to the marshal of another district.

3. **United States ⊚⟹136—In suit by United States, court held not to have acquired jurisdiction of nonresident defendants by service in other districts after September 19, 1926 (Judicial Code, § 51, as amended [Comp. St. § 1033]).**

The amendment of Judicial Code, § 51, by Act Sept. 19, 1922, and Act March 4, 1925 (Comp. St. § 1033), enlarging venue of suits by the United States, and authorizing service of process in such suits on any defendant "in any district within the United States * * * in which any such defendant may be found with the same force and effect as if the same had been served within the district" of suit by its terms ceased to be operative September 19, 1926, and a court did not acquire jurisdiction in personam over nonresident defendants, unless service was completed before that date.

At Law. Action by the United States against A. Mitchell Palmer and others. On motion by certain of the defendants to quash summons and service thereon. Motion granted.

Merton E. Lewis, Sp. Asst. Atty. Gen., and George L. Mayberry and Lowell A. Mayberry, both of Boston, Mass., for the United States.

Charles F. Choate, Jr., of Boston, Mass., for defendant Chase Securities Corporation.

Charles P. Curtis, Jr., of Boston, Mass., for defendant MacMartin.

Raymond S. Wilkins, of Boston, Mass., for defendants Fitzpatrick and Guffey.

BREWSTER, District Judge. The above-entitled action is brought by the United States of America against 21 individual defendants and one corporate defendant, several of whom resided outside of this district. Of these latter are the defendants Chase Securities Corporation, William G. Fitzpatrick, Joseph F. Guffey, and John A. MacMartin, who have appeared specially and now ask this court to quash the writ and process and the service thereon.

On September 16, 1926, a writ of summons and attachment in the usual form issued out of this court. The writ commanded the marshal of the district of Massachusetts or his deputies to attach the goods and estates of the several defendants and summons the defendants, "if they may be found in said districts," to appear before this court on the first Tuesday of December and answer to the United States of America in an action of tort.

None of the moving defendants was served with process within the district. The defendant Chase Securities Corporation is a corporation having its principal place of business in the city of New York. According to the return indorsed upon the original writ, the United States marshal for the Southern district of New York, on the 20th day of September, 1926, served upon this defendant by leaving with it a copy of the summons.

The defendant Fitzpatrick resides in Detroit, Mich. The deputy marshal for the Eastern district of Michigan made the service upon this defendant on the 24th day of September, 1926.

The defendant Guffey resides in Pittsburgh, Pa. On the 27th day of September, 1926, he was served with process by the marshal for the Western district of Pennsylvania.

The defendant MacMartin resides in New York, and was served on the 5th day of October, 1926, by the United States marshal for the Eastern district of New York.

These several motions to quash are all based upon the proposition that the service was insufficient to give the court jurisdiction in personam.

The sufficiency of the service is assailed on two principal grounds:

(1) That the United States marshals who served upon these defendants acted wholly without authority, inasmuch as the writ was directed only to the United States marshal for the district of Massachusetts or his deputies.

(2) That at the time of the service upon each of these defendants the process of this court could not run outside the territorial limits of the district of Massachusetts.

Certain underlying principles have been

definitely settled by our Supreme Court in comparatively recent decisions. Thus it is established that, in cases where the court has jurisdiction over the subject-matter of the controversy and the suit is brought in a proper district, the court does not acquire jurisdiction in personam over the defendant, unless he is duly served with process, or has voluntarily submitted to the jurisdiction, or waived his right to object. Munter v. Weil Corset Co., Inc., 261 U. S. 276, 43 S. Ct. 347, 67 L. Ed. 652; Seaboard Rice Milling Co. v. Chicago, R. I. & P. R. Co., 270 U. S. 363, 46 S. Ct. 247, 70 L. Ed. 633; Lee v. Chesapeake & Ohio R. Co., 260 U. S. 653, 43 S. Ct. 230, 67 L. Ed. 443.

Under the general provisions of law the District Court has no power to send its process for service outside of the district. Munter v. Weil Corset Co., Inc., supra; Robertson v. Railroad Labor Board, 268 U. S. 619, 45 S. Ct. 621, 69 L. Ed. 1119. But Congress may by legislation provide that process of every District Court shall run into every part of the United States. Robertson v. Railroad Labor Board, supra; Eastman Kodak Co. v. Southern Photo Materials Co., 273 U. S. ——, 47 S. Ct. 400, 71 L. Ed. 423, 427.

[1] In cases where Congress has provided for the service of process in districts other than that of the court issuing the process, it is proper procedure to direct the process to the United States marshal of the district where the defendant resides or may be found. Eastman Kodak Co. v. Southern Photo Materials Co., supra.

It may be worth while to add here that, since the argument in the case at bar, the decision in Eastman Kodak Co. v. Southern Photo Materials Co., supra, has been handed down. It appears in the opinion of Mr. Justice Sanford in that case, which was a proceeding under section 12 of the Clayton Act (Act Oct. 15, 1914, 38 Stat. 730 [Comp. St. § 8835n]), that process was issued by the District Court for the Northern District of Georgia and served upon the Eastman Kodak Company pursuant to an order of the court, at Rochester, N. Y.; where the company had its principal place of business. This service the court found to be sufficient to duly bring the defendant before the court. From a copy of the order, which I have procured from the District Court for the Northern District of Georgia, I find that the marshal of the Western district of New York, or his deputy, was ordered to serve the process upon the defendant at its principal office in the city of Rochester. There seems,

therefore, to be high judicial sanction for the assertion that service by a marshal of the district where the defendant resides or is found is a proper service, if the order of the court is directed to him. See Haskell v. Aluminum Co. of America (D. C.) 14 F.(2d) 864.

It is also settled that these rules apply in cases where the plaintiff is the United States. Robertson v. Railroad Labor Board, supra.

[2] In the case at bar the officers who served on the four defendants now seeking to quash the process were the proper officers to make the service, but they proceeded under a mandate directed, not to them, but to the marshal of the district of Massachusetts. R. S. § 787 (Comp. St. § 1311), which relates to the duties of the marshal, provides that "it shall be the duty of the marshal of each district * * * to execute, throughout the district, all lawful precepts, directed to him, and issued under the authority of the United States." The authority to serve process conferred upon a United States marshal by this section is obviously limited. He cannot act outside of the district in which he is appointed, and within the district only upon lawful precepts directed to him. In the case at bar, obviously the Massachusetts marshal could not serve upon defendants residing out of the district, and the marshals in the district where the defendants lived could not serve the precept, because it was not directed to them.

[3] The United States seeks to supply the deficiency by moving to amend the process, so that it will appear to have been issued to the marshals of the several districts where the defendants were found. If the court can entertain such an amendment nunc pro tunc, and should assume that the several United States marshals were armed with valid precepts directed to them, there would still be left the more difficult question presented by the second ground upon which the defendants rely. This difficulty arises from the fact that the suit was brought by the United States under section 51 of the Judicial Code (36 Stat. 1101), as amended by the Act of September 19, 1922 (42 Stat. 849), and by the Act of March 4, 1925, c. 526 (43 Stat. 1264) being Comp. St. § 1033. The amendment of 1922 was as follows:

"Provided, however, that any civil suit, action, or proceeding brought by or on behalf of the United States, or by or on behalf of any officer of the United States authorized by law to sue, may be brought in any district whereof the defendant is an inhabitant, or

where there be more than one defendant in any district whereof any one of the defendants, being a necessary party, or being jointly, or jointly and severally, liable, is an inhabitant, or in any district wherein the cause of action or any part thereof arose; and in any such suit, action, or proceeding, process, summons, or subpœna against any defendant issued from the District Court of the district wherein such suit is brought shall run in any other district, and service thereof upon any defendant may be made in any district within the United States or the territorial or insular possessions thereof in which any such defendant may be found with the same force and effect as if the same had been served within the district in which said suit, action, or proceeding is brought: * * * Provided, further, that this act shall be effective for a period of three years only, after which said section 51, chapter 4, as it exists in the present law shall be and remain in full force and effect."

The act of 1925 extended the effective period of the amendment for a period of four years after September 19, 1922, after which time section 51, as it existed before the amendment of 1922, was to "remain in full force and effect." Some question has been raised during the argument whether the amendment went out of existence at midnight on the 18th day of September, or on the 19th day of September. For present purposes it is immaterial whether the amendment was alive during September 19, 1926, because none of the defendants, who are now attacking the validity of the service, was served until after September 19, 1926.

The plaintiff has cited numerous cases to support the proposition that a suit is "begun" as soon as the writ is issued and lodged with the marshal for service. See U. S. v. Northern Finance Corp. (C. C. A. 2d Cir.) 16 F.(2d) 998. The proposition cannot be questioned, but the cases cited all involve the question whether the suit had been "begun" or "commenced" within the period of time limited by some statute of limitation. No question of jurisdiction is involved in those cases that deal with the limitation of time within which an action may be brought. I have no doubt that in the case at bar the suit was brought within the effective period of the amendment to section 51, and that the venue was properly laid in this district, but the question here relates, not to venue, but to jurisdiction in personam over certain of the defendants.

The real question is whether process, issued by the District Court of this district while the amendment was in force, could run into any other district after the expiration of the period of operation of the amendment, so that service made September 20th would be due and sufficient service. It will be noted that the purposes of this amendment are two-fold: (1) It increases the number of districts in which the venue of a suit by the United States may be laid; and (2) it enlarges the power of the court having jurisdiction of the action to bring in defendants residing, or found, in other districts. One relates to the venue of the suit; the other to the jurisdiction over the person of the defendant. These are quite separate and distinct purposes. In Robertson v. Railroad Labor Board, supra, Mr. Justice Brandeis makes this observation:

"In a civil suit in personam, jurisdiction over the defendant, as distinguished from venue, implies, among other things, either voluntary appearance by him or service of process upon him at a place where the officer serving it has authority to execute a writ of summons. * * * *"

The amendment provided that service of process "upon any defendant may be made in any district within the United States * * * in which any such defendant may be found with the same force and effect as if the same had been served within the district in which said suit, action, or proceeding is brought." These provisions automatically ceased to operate after four years from September 19, 1922.

On September 16, 1926, when the writ was issued, this court had power to send its process into the other districts where the defendants resided, but it did not acquire jurisdiction in personam over these defendants until it had exerted that power to the extent of duly completing service upon them. Union Mutual Life Ins. Co. v. University of Chicago (C. C.) 6 F. 443; Owens v. Ohio Central R. Co. (C. C.) 20 F. 10; Rodgers v. Pitt (C. C.) 96 F. 668; United States v. Eisenbeis (C. C. A.) 112 F. 190.

On September 20 and the subsequent dates when service was made on these four defendants, the amendment to section 51 was not in force. There was then in existence no statutory provision which gave to the service outside of the district the same force and effect as if made within the district. This court was then entirely without power to subject the defendants to its jurisdiction by serving them with process outside of the district of Massachusetts. If the service did not have such force and effect, how can

it be said that the defendants were served with process by officers having authority to execute the writ, assuming, for the sake of argument, that the precept was properly directed to them? This is a question to which the plaintiff has submitted no satisfactory answer. Since the service without the district no longer had the force and effect of a service within the district, it must follow that this court on September 20 could not send its process to other districts for service. I am of the opinion that both of the objections taken to the sufficiency of the service by the defendants named are well taken and should be sustained. The defendants having seasonably objected, their respective motions to quash and set aside the service will be granted.

The proposed amendment to the writ, incorporating a direction to the several United States marshals who attempted the service, will not, if allowed, remove the more serious objection of want of authority in the court to reach with its process defendants beyond the territorial limits of the district. It would therefore be idle to grant it, even if the court had power to cure by amendment a defective and insufficient service, concerning which power I entertain doubts. See Brown v. Pond (D. C.) 5 F. 31; Bull v. Chicago, M. & St. P. R. Co. (D. C.) 6 F. (2d) 329.

But, since the futility of the amendment is sufficient ground for denying it, it will be unnecessary to determine the extent of the authority of the court to amend in circumstances such as are here presented. Accordingly the motion to amend the writ will be denied.