ANTONIA FLIT DE VÁZQUEZ, Plaintiff and Appellant, v. WHITE STAR BUS LINE, INC., Defendant and Appellee.

No. 7085. Argued December 23, 1935.—Decided May 29, 1936.

*Juan B. Soto* and *Juan F. Soto* for appellant. *F. Fernández Cuyar* for appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

This was a case where we thought that the opinion of this Court, based on the fact that a married woman had no separate cause of action for damages to her person, disposed of all the questions raised in the case.

Now the appellant insists that the defect is one of a lack of capacity and not a lack of a cause of action. She

might be right in certain cases that a lack of capacity should be raised by answer or demurrer and not by a motion for nonsuit, but the trend of the jurisprudence, including this Court, is that the said defect is a lack of a cause of action. *Vázquez* v. *Valdés,* 28 P.R.R. 431; *Paganini* v. *Polostrini,* 26 Cal. App. 342; *Ezell* v. *Dodson,* 60 Tex. 331.

In the instant case the fact that the plaintiff was a married woman did not appear clearly from the body of the complaint but did appear from the affidavit supporting it and the fact was proved at the trial.

█ In Puerto Rico the only cases in which a married woman can represent the conjugal society are set forth in Section 54 of the Code of Civil Procedure which reads as follows:

"Section 54.—When a married woman is a party, her husband must be joined with her, except:

"1. When the action concerns her separate property, or her right or claim to the homestead property, she may sue or be sued alone.

"2. When the action is between herself and her husband, she may sue or be sued alone.

"3. When she is living separate and apart from her husband, by reason of his desertion of her, she may sue or be sued alone."

The possibility set forth in the third paragraph is so remote that a plaintiff would have to show that she fell thereunder. *Ad ea quae frequentius accident jura adaptantur.*

The motion will be denied.

Mr. Justice Córdova Dávila and Mr. Justice Travieso took no part in the decision of this case.