Gillen, J.
This is an action of contract based on alleged decree of divorce granted in California, wherein the sum of *389 five dollars per week was allowed for the support of the plaintiff and her minor daughter. The plaintiff has remarried. The defendant was residing in Massachusetts at the time of the service of the writ in this case.
At the trial of the case, the plaintiff introduced an éxemplified copy of the California decree to the admission of which the defendant objected on the ground “that the same being an equity decree of a foreign state, the Municipal Court had no authority to enforce the same.” The exemplified copy of the California decree was admitted. The defendant requested a report as to the admission of the same.
The defendant filed one request for a ruling of law which was denied viz.: — “If the court finds that there was a decree of the Probate or Superior Courts of California ordering a weekly payment of alimony or support the Court must find this action will not lie in the Municipal Court of the City of Boston.”
The Trial Judge found for the plaintiff.
The defendant claims to be aggrieved by the rulings and refusal to rule as requested.
What the defendant urges here is that an action at law cannot be brought on a decree of a foreign court.
But this contention and the claim of the defendant that this court cannot take jurisdiction carries no weight. Page v. Page, 189 Mass. 85, 92.
What appears to us as the vital question in the instant case is not raised by a request for a ruling of law, viz.: whether the decree of the California court as to alimony and provision for the support of the child is a final decree.
We deem it of sufficient importance, however, to pass upon it notwithstanding the failure of the defendant to raise it.
We are not concerned here with a situation as existed in Golder v. Golder, 235 Mass. 261 where a wife sued a *390 husband on a judgment for alimony obtained from a foreign court while her libel for divorce was still pending, and it was held that a wife cannot sue her husband at law.
But compare Dadmum v. Dadmum, 279 Mass. 217, where a wife was permitted to recover against her husband in an action at law on a foreign judgment growing out of an action for separate maintenance.
In the instant case the decree of divorce was final. The parties were no longer husband and wife at the time suit was brought.
What was said in Page v. Page, 189 Mass. 85 can well be repeated here:
“When a court of one state having jurisdiction over the cause and parties, finally adjudicates that a certain sum of money shall be paid by one party to another, such an adjudication, whether it be in the form of a judgment in an action at law or a decree in equity or a proceeding for divorce or alimony is entitled, under the first section of the fourth article of the federal Constitution to full faith and credit in every other State . . . When an action is brought in a sister State upon such a judgment or decree, the court in which the action is brought has no occasion to inquire into the merits of the case upon which the decree was rendered. . . . But in order that a decree shall have this force under the Constitution it is necessary that it shall be final; and the authorities have differed as to whether a decree for the future payment of alimony by installments is a final decree.”
Page v. Page, 189 Mass. 85 decides that if the foreign court ordering alimony has thereafter adjudicated that a certain sum has become due, our courts will enforce the decree; but that if all that is shown is a decree and the subsequent passage of time it is not enforcible unless the foreign court lacked power to revise its own decree later.
*391 In Wells v. Wells, 209 Mass. 282, there had been an adjudication by the foreign court of sums already earned and our court enforced the decree.
In Taylor v. Stowe, 218 Mass. 248 it appeared that the judgment for alimony was final and the amounts adjudicated before execution issued.
In the instant case, no fixed sum was adjudicated by the foreign court. The plaintiff asked for the overdue installments that the decree ordered, as was the situation in Sistaire v. Sistaire, 218 U. S. 1.
We find no Massachusetts case with facts similar to the instant case.
Turning to the state of California, where the decree at issue was granted, our attention is called to sec. 139 of the Civil Code. It reads as follows:
“Where a divorce is granted for an offense of the husband, the court may compel him to provide for the maintenance of the children of the marriage, and to make such suitable allowance to the wife for her support during her life or for a shorter period as the court may deem just, having regard to the circumstances of the parties respectively; and the court may from time to time modify its orders in these respects.”
In Burton Administrator v. Conway Tearle, 117 Cal. App. 699 (1931) it was held that a judgment for alimony under the laws of New York is not subject to modification as to sums already accrued and past due and such judgment so far as sums already accrued and past due are concerned is a final judgment within the full faith and credit clause.
In passing, the California court commented: “The Statutes of New York are of the same general purport as sec. 139 of our Civil Code which authorizes the Superior Court to annul and modify its alimony orders from time to time. Interpreting this section our appellate courts *392 have held a judgment for alimony is not subject to modification as to sums already accrued and past due,” and cited Soule v. Soule, 4 Cal. App. 97, Cummings v. Cummings, 97 Cal. App. 144, Rikenberger v. Rikenberger, 99 Cal. App. 45.
On appeal, the California Supreme Court refused to review the case.
In Soule v. Soule, 4 Cal. App. 97, it was decreed among other things by the Superior Court that $75.00 per month be paid for the support of the plaintiff as alimony.
After some years, the defendant moved for an order vacating and annulling the above portion of the judgment and releasing payment of future sums by reason of changed circumstances of parties.
The court found that — the defendant was entitled to an order modifying the decree and exempting payment of any allowance to plaintiff until further order of the court.
The Appellate Court said, “In thus annulling that portion of the decree the court exceeded its jurisdiction. The decree rendered . . . was a determination of rights of parties and had become final except as power was reserved by sec. 139 (Cal. Civil Code) to modify from time to time that portion directing payment of alimony. By that decree the court adjudged the plaintiff was entitled to alimony from the defendant but the effect of an order annulling this portion of the decree would be to vacate and set aside that portion of the court’s adjudication and leave the decree as if the court had omitted to make any provision for her support . . . whereas the only authority given to the court by sec. 139 is to modify this portion of the decree from time to time as the court may deem just in view of changed circumstances of the parties. See also Caples v. Caples, 47 Fed. 2 series 225.
General Laws (Ter. Ed.) Ch. 233, § 70 reads:
*393 “The courts shall take judicial notice of the laws of the United States or of any state, territory or dependency thereof or of a foreign country whenever the same shall be material.”
And the trial judge may take such notice even if the foreign law is not called to his attention at the trial. Eastern Offices Inc. v. P. F. O’Keefe Adv. Agency Inc., 289 Mass 23.
We cannot say that the trial judge did not take judicial notice of the law of California as it relates to alimony decrees.
In our opinion it is settled in that state that insofar as overdue and accrued installments are concerned, the decree is a final decree.
In Sistaire v. Sistaire, 218 U. S. 1, it was decided among other things that if the judgment be an enforcible judgment in the state where rendered the duty to give effect to it in another state clearly results from the full faith and credit clause, although the modes of procedure to enforce the collection may not be the same in both states.
The question of the admission of the evidence not being briefed or argued is deemed as waived. Guinan v. Famous Players-Lasky Corp., 267 Mass. 501.
The order is:
Report dismissed.