## McCLANE v. BOON.

1. Where, pending a writ of error to this court, subsequently dismissed, the defendant in error dies and the other side wishes to take a new writ, application should be made to the court below for the purpose of reviving the suit in the name of the representatives of the deceased. A writ of error can then regularly issue. A motion in this court to revive the writ by suggesting the death and substituting the representatives as parties to the record is not regular.

2. If the court below should refuse an application such as that above contemplated, in the circumstances mentioned, then the writ may, from necessity, issue in the name of the representatives, in the usual way, serving on them the citation to appear at the next term.

ERROR to the Supreme Court of the State of Oregon.

On motion. Boon filed a bill in a State court of Oregon against McClane, to enjoin him from prosecuting an action at law to recover the possession of a lot of land, for which a patent had been issued to McClane by the United States, and praying that the same might be held by McClane as trustee for the benefit of him, Boon. The court dismissed

the bill.   On an appeal to the Supreme Court, that court reversed the decree, and rendered one for the plaintiff. Mc-Clane, the defendant, sued out a writ of error from this court to the Supreme Court of Oregon, returnable December Term, 1863, which was dismissed at the December Term, 1866.

A second writ of error was issued July 29th, 1867, returnable at the next term of the Supreme Court of the United States.   On the 15th June, 1864, pending the first writ of error, Boon, the defendant in error, died.

Mr. Lander now made a motion, having for its object to revive the writ of error, by suggesting the death of Boon, and substituting the widow and heirs-at-law as parties to the record.

The parties described in the present writ of error, it will be observed, were the parties to the original suit, and the writ, therefore, was issued in the name of a dead man.

*Mr. Lander, in support of his motion,* argued, that being a chancery suit, the death of the plaintiff had not abated but only suspended it;[*] that the writ of error was a continuation of the original litigation;[†] that this being so, the plaintiff in error had made the suggestion in the only court open to him.

*Mr. Williams, contra:* That the motion was against proper practice; that the remedy, if any, was in the court below.

Mr. Justice NELSON delivered the opinion of the court.

We think the counsel for the plaintiff in error has mistaken the proper practice under the peculiar circumstances of the case.   Application should have been made to the court below for the purpose of reviving the suit in the name of the widow and heirs of the deceased; and then a writ of error could have regularly issued.

If the court should refuse, then it would become neces-

---

[*] Clarke v. Mathewson, 12 Peters, 168.

[†] Nations v. Johnson, 24 Howard, 195, 204.

sary to issue it in the name of these representatives, in the usual way, serving on them the citation to appear at the next term.

The case of *Kellogg et al.* v. *Forsyth*,* is an authority for issuing the writ in the name of the widow and heirs, and, also, for the appearance of these parties on the citation, and make objections to these proceedings if they see fit.

As the case now stands, the parties to the suit described in the writ, and in whose names it was issued, are McClane, plaintiff in error, and Boon, defendant, deceased, and the citation is issued and served on parties, not parties to the record, which, of itself, is error.†

WRIT OF ERROR DISMISSED.

---

* 24 Howard, 186.          † Davenport *v.* Fletcher, 16 Id. 142.
‡ 20 Howard, 204.          § 21 Id. 195.          ‖ Id. 398.