# HENDERSON *v.* LOUISVILLE AND NASHVILLE RAILROAD.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF LOUISIANA.

Argued October 21, 1887. — Decided October 31, 1887.

A railroad company is not responsible for the loss of a bag containing money and jewelry, carried in the hand of a passenger and by him accidentally dropped through an open window in the car, although, upon notice of the loss, it refuses to stop the train, short of a usual station, to enable him to recover it.

Under the practice in Louisiana, the Circuit Court of the United States, after ordering a petition to be dismissed as showing no cause of action, but with leave to file an amended petition, may, at the hearing on the amended petition, amend the order allowing it to be filed, by providing that it shall be treated as a mere amendment to the original petition, and thus preclude the plaintiff from contesting a material fact, within his own knowledge, averred in that petition.

THIS was an action against a railroad company. Judgment for defendant. Plaintiff sued out this writ of error. The case is stated in the opinion of the court.

*Mr. O. B. Sansum* for plaintiff in error, cited: *First National Bank* v. *Marietta Railroad*, 20 Ohio St. 259, 279; *Butcher* v. *London Railway*, 16 C. B. 13, 15; *Richards* v. *London Railway*, 7 C. B. 839; *Robinson* v. *Dunmore*, 2 Bos. & Pul. 416.

*Mr. Thomas L. Bayne* (*Mr. George Denegre* was with him on the brief) for defendant in error, cited: *Clark* v. *Burns*, 118 Mass. 275; *Crystal Palace* v. *Vanderpool*, 16 B. Mon. 302; *Tower* v. *Utica & Schenectady Railroad*, 7 Hill, 47 [*S. C.* 42 Am. Dec. 36]; *Abbot* v. *Bradstreet*, 55 Maine, 530; *Weeks* v. *New York, New Haven, & Hartford Railroad*, 72 N. Y. 50; *Del Valle* v. *Richmond*, 27 La. Ann. 90; *Stilley* v. *Stilley*, 20 La. Ann. 53; *Case* v. *Watson*, 22 La. Ann. 350; *Hart* v. *Bowie*, 34 La. Ann. 323.

MR. JUSTICE GRAY delivered the opinion of the court.

This was an action against a railroad corporation by a passenger to recover for the loss of a handbag and its contents.

The plaintiff, a married woman suing by authority of her husband, alleged in the original petition that on October 25, 1883, the defendant, being a common carrier of goods and persons for hire, received her into one of its cars as a passenger from her summer residence at Pass Christian in the State of Mississippi to her winter residence in New Orleans, having in her hand, and in her immediate custody, possession and control, a leathern bag of a kind usually carried by women of her condition and station in society, containing $5800 in bank bills, and jewelry worth $4075; that while the plaintiff, holding the bag in her hand, was attempting to close an open window next her seat, through which a cold wind was blowing upon her, the bag and its contents, by some cause unknown to her, accidentally fell from her hand through the open window upon the railroad; that she immediately told the conductor of the train that the bag contained property of hers of great value,

and requested him to stop the train, and to allow her to leave the car and retake the bag and its contents; but he refused to do so, although nothing hindered or prevented him, and, against her protestations, caused the train to proceed at great speed for three miles to Bay St. Louis, where he stopped the train, and she despatched a trusty person to the place where the bag had fallen; but before he arrived there the bag with its contents was stolen and carried away by some person or persons to the plaintiff unknown, "and was wholly lost to the plaintiff by the gross negligence of the defendant as aforesaid."

The further averments of the petition, undertaking to define specifically the nature and effect of the obligation assumed by the defendant to the plaintiff, are mere conclusions of law, not admitted by the exception, in the nature of a demurrer, which was filed by the defendant, in accordance with the practice in Louisiana, upon the ground that the petition set forth no cause of action. The Circuit Court sustained the exception, and ordered the petition to be dismissed. 20 Fed. Rep. 430.

On the day the judgment was rendered, and before it was signed, it was amended, on the plaintiff's motion, by adding the words "unless the plaintiff amend her petition so as to state a cause of action within five days."

Within that time the plaintiff filed an amended petition, alleging that the defendant received the plaintiff as a passenger, and the bag and its contents as part of her luggage, to be safely kept and carried by the defendant as a common carrier to New Orleans, and there delivered to the plaintiff; that the defendant did not so carry and deliver; and that the things were lost by the negligence and improper conduct of the defendant, and not by any want of care on the part of the plaintiff.

The defendant excepted to the amended petition, because the plaintiff had no right to file one after the original petition had been dismissed as aforesaid, and because the amended petition was inconsistent with the original petition, especially in that the original petition alleged that the bag and its contents were held and kept by the plaintiff in her immediate possession, control and custody, whereas the amended petition alleged that the defendant received them as her luggage.

After argument on this exception, the order allowing the plaintiff to file an amended petition was modified by the court so as to provide that the amended petition should be deemed and should have effect only as an addition to the original petition; and the exception to the amended petition was sustained and the action dismissed. The plaintiff sued out this writ of error.

The mere statement of the case is sufficient to demonstrate the correctness of the judgment below.

The facts alleged in the original petition constitute no breach or neglect of duty on the part of the defendant towards the plaintiff. She did not entrust her bag to the exclusive custody and care of the defendant's servants, but kept it in her own immediate possession, without informing the defendant of the value of its contents, until after it had dropped from her hand through the open window. Even if no negligence is to be imputed to her in attempting to shut the window with the bag in her hand, yet her dropping the bag was not the act of the defendant or its servants, nor anything that they were bound to foresee or to guard against; and after it had happened, she had no legal right, for the purpose of relieving her from the consequences of an accident for which they were not responsible, to require them to stop the train, short of a usual station, to the delay and inconvenience of other passengers, and the possible risk of collision with other trains.

This action being on the common law side of the Circuit Court, the pleadings and practice were governed by the law of the State. Rev. Stat. § 914. By article 419 of the Code of Practice of Louisiana, "after issue joined, the plaintiff may, with the leave of the court, amend his original petition; provided the amendment does not alter the substance of his demand by making it different from the one originally brought." An amendment wholly inconsistent with the allegations of the original petition cannot be allowed. *Barrow* v. *Bank of Louisiana*, 2 La. Ann. 453. It is by no means clear that a petition, which has been dismissed as showing no cause of action, can be afterwards amended in matter of substance. *Hart* v. *Bowie*, 34 La. Ann. 323. But if the order

allowing an amended petition to be filed could be lawfully made in this case, so long as final judgment had not been entered, it was equally within the power of the court to modify that order so as to treat the amendment as a mere addition to the original petition, and. thus to preclude the plaintiff from contesting a material fact, within her own knowledge, which she had once solemnly averred.

*Judgment affirmed.*