MILLER v. GEORGE.

1. An objection, that the complaint does not state facts sufficient to constitute a cause of action, cannot be considered in this court, when it was not raised in the court below.

2. The service of the summons will not be set aside on a plea of misnomer of defendant, raised in the answer, without any testimony to sustain the plea.

3. A commission to take testimony may be tested by the deputy clerk,

and when tested in the name of the clerk by his deputy, in the form, "F. M. T., cl'k, by T. R. T., D. C.," it is sufficient.

4. In offering proof of the account sued on, plaintiff may be asked, when on the witness stand, to state whether the defendant had become indebted to him, and, if so, in what amount. "Indebtedness" is a fact, and not simply a conclusion of law.

5. Defendant plead a misnomer as to herself, which was her only defence, but offered no testimony in the case. Plaintiff proved that the name by which defendant was sued was that by which she was generally known in the community. *Held,* that the judge did not err in charging the jury that plaintiff had made out her case, if defendant was generally known by the name given her in the complaint.

6. The judge and officers of the Court of Common Pleas being present in the court house on the day fixed by law for its opening, the court is duly convened, although not formally opened until after the adjournment of the Court of Sessions, two days later.

Before WALLACE, J., Spartanburg, March, 1888.

The opinion states the case.

*Mr. D. E. Hydrick*, for appellant.

*Mr. Stanyarne Wilson*, contra.

April 2, 1889.   The opinion of the court was delivered by

MR. JUSTICE MCGOWAN.   The plaintiff sued the defendant on a small account of $18, for board, fuel, &c. She was sued as Jane George, and she pleaded a misnomer, her real name, as she alleged, being Jennie Augusta George. On the call of the case for trial, the defendant's attorney moved to dismiss the complaint on the ground of the alleged misnomer. The motion was refused. The plaintiff offered in evidence, to prove her case, testimony taken by commission. The defendant objected to its admission on the grounds, that the commission was tested and signed "F. M. Trimmier, clerk, by T. R. Trimmier, D. C." (at the time F. M. Trimmier was clerk and T. R. Trimmier deputy clerk); and also on the ground that the commission was executed by only two commissioners, and it did not appear that the third commissioner had been notified of his appointment or of the time and place of taking the testimony. It appeared, that the commissioner who

did *not* act was *not* the commissioner of the defendant,[1] and the judge allowed the testimony to be read in evidence.

The second interrogatory was, "State whether, at any time during the month, the defendant became indebted to you; and if so, what amount." The defendant objected to reading the answer to this question, on the ground that "indebtedness" is a "legal conclusion," and not a fact. The objection was overruled, his honor saying, "Oh, no; that is too hard to discriminate. That is a fact. If one man owes another, it is a fact, and no doubt about that." The fifth interrogatory was, "By what name did the defendant pass—was generally known by, and called herself?" Defendant objected to this question and to the answer, on the ground that the issue was as to the true name of the defendant, and that proof of the name by which she passed, or was commonly known, was "irrelevant." Objection overruled.

The Wednesday following the third Monday in March in 1888 was March 21, but the business of the Court of General Sessions not having been finished by that day, the Court of Common Pleas, as appears by the journal, was not opened, unless by operation of law, until March 23.

His honor, the judge, charged, that "A name is a word to designate a person or thing. That word by which a person is commonly designated in the community in which he lives, is, for all practical purposes, his name. He can be indicted by it, and he can be sued by it, and bound by the judgment. Now, the defence to the action here is, that the defendant is not named *Jane*, but *Jennie A.* If you are satisfied by the preponderance of the evidence, that she was known in the community in which she lived as *Jane*, why, then, the plaintiff's case is made out. If you are not so satisfied, it is not made out," &c.

The jury found in favor of the plaintiff a verdict for the whole amount of the account, and the defendant appeals upon the following grounds of alleged error: "(1) In refusing motion to set aside the service and dismiss the complaint. (2) In holding that the commission was properly signed and issued. (3) In holding that it was not necessary that all the commissioners should be notified

---

[1] There were three commissioners, all of whom were named by the plaintiff.—Reporter.

of their appointment and of the time and place of taking the testimony, and that only the commissioner of the other side must be so notified. (4) In admitting the answer to the second interogatory of the plaintiff. (5) In admitting the answer to the fifth interrogatory of the plaintiff. (6) In charging the jury, 'That the word by which a person is commonly designated in the community in which he lives, is, for all practical purposes, his name. They can be indicted by it, and they can be sued by it, and bound by the judgment.' (7) In charging the jury, 'If you are satisfied by the preponderance of the evidence, that the defendant was known in the community in which she lived as *Jane*, why, then, the plaintiff's case is made out.' (8) Because said judgment is void, in that the court was not convened at the time appointed by law, and had no jurisdiction to try the action. (9) Because the complaint does not state facts sufficient to constitute a cause of action."

The matter of the last exception was not presented to the judge below, and, therefore, cannot be considered here.

I. The plea in abatement, though presented in the answer, makes an issue of fact, which must be sustained by evidence. It is not a case for setting aside the service on motion, upon the unsupported pleadings.

II. A commission to take testimony may be issued and tested by the deputy clerk. See section 725, *General Statutes*. No law prescribes the manner in which he should sign, and we see no just objection to the manner adopted here—"F. M. Trimmier, cl'k, by T. R. Trimmier, D. C."

III. Two commissioners may legally execute a commission to take testimony. The third commissioner was appointed at the instance of the plaintiff, and it does not appear that he was not notified either of his appointment or of the time and place of taking the testimony.

IV. In the question to the witness, the meaning of the word "*indebted*" could not possibly be misunderstood. In ordinary use, the word indicates a fact—a disagreeable fact—something more than simply a "conclusion of law." As Dr. Worcester defines it, "being in debt; having incurred a debt; owing;—with *to* before the person to whom the debt is due."

V., VI., and VII. Make the point, that it was error to hold and to charge the jury, that "If you are satisfied, by the preponderance of the evidence, that the defendant was known in the community in which she lived as *Jane*, why, then, the plaintiff's case is made out." It seems that there was no evidence at all that the defendant's name was *Jennie Augusta*. It seems that the rule is very much more exacting as to a misnomer of *the plaintiff* than of the *defendant;* for, as Judge Wardlaw said on the Circuit, and Judge O'Neall said upon appeal to the old "Appeal Court" in the case of *Norris* v. *Graves*, 4 Strob., 32: "The plaintiff is legally presumed to know at least his own name, and hence he must state it. A defendant sued by a name, and' pleading in abatement that it is not his true name, may very well be answered in the plaintiff's replication, that he is known by the name sued as well as the other. For, in such a case, the plaintiff is not presumed to know what is the real name." See *Bull* v. *Franklin*, 2 Speer, 46 ; *Woodberry* v. *Dye*, 10 Rich., 34.

VIII. Alleges that the judgment is void ; for the reason that the day fixed by law for the opening of the Court of Common Pleas for Spartanburg County having been allowed to pass, the judge had no power to do so afterwards. This court has very recently had occasion to consider and decide this identical point in the case of *Hardin* v. *Trimmier*, *ante*, 391, to which reference is made, for the grounds upon which the court held, that the judgments rendered at the March term of the court (1888) for Spartanburg County are *not* void for the alleged want of the regular opening of the Court of Common Pleas on the day appointed by law for that purpose.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.