## DAVIS, FEDERAL AGENT, ET AL. *v.* PRESTON, ADMINISTRATRIX.

No. 188.   Argued January 23, 1930.—Decided February 24, 1930.

*Mr. W. L. Cook,* with whom *Mr. Sidney F. Andrews* was on the brief, for petitioners.

*Mr. Robert L. Cole,* with whom *Mr. James W. Wayman* was on the brief, for respondent.

MR. JUSTICE VAN DEVANTER delivered the opinion of the Court.

This proceeding relates to an action brought in a state court of Texas to recover for the death of a railroad employee occurring during federal control,—while the railroad was being operated by the Director General. The action was begun by the deceased's widow, in her personal right, against Walker D. Hines, as Director General; but by amendments and substitutions the action came to be one prosecuted under the Federal Employers' Act of 1908, c. 149, 35 Stat. 65, by the widow, as administratrix of the deceased's estate, against James C. Davis, as Federal Agent. Judgment went against the latter, and on successive appeals there was an affirmance by the Court of Civil Appeals and the Supreme Court of the State. The final affirmance included a provision adjudging the corporate surety on the appeal bond jointly liable with Davis, as Federal Agent, for the costs in the two appellate courts.

Within the allotted three months Davis, describing himself as Federal Agent, and the surety company petitioned this Court for a review on certiorari, and the petition was granted.

It now appears that when the petition was presented Davis had ceased to be Federal Agent and had been succeeded in that office by Andrew W. Mellon,—thereby making the judgment unenforceable against Davis and possible of satisfaction only after the substitution of his successor, Mellon. Therefore Davis was not then in a position to complain of the judgment or to invoke a review of it by this Court. All right and discretion to do either had passed to his successor in office. *Florida ex*

*rel. Wailes* v. *Croom,* 226 U. S. 309; *Taylor* v. *Savage,* 1 How. 282, 286; *Dolan* v. *Jennings,* 139 U. S. 385, 387; *McClane* v. *Boon,* 6 Wall. 244.

It follows that the writ of certiorari granted on the petition of Davis was improvidently allowed and must be dismissed. The fact that the surety company joined in the petition can not alter the result. While the company was adjudged liable for the costs in the two appellate courts, that feature of the judgment of affirmance is not made a ground of complaint. Nor does it enable the company to complain of the judgment in other particulars. *Smith* v. *Indiana,* 191 U. S. 138, 149–150.

A motion is now made by Andrew W. Mellon, as Federal Agent, for his substitution in the present proceeding in the place of Davis. But the motion must be denied. The succession in office, as now appears, occurred before there was any effort to obtain a review in this Court. After the succession Davis was completely separated from the office and without right to invoke such a review or exercise any authority or discretion in that regard. Therefore his petition must be disregarded. The time within which such a review may be invoked is limited by statute and that time has long since expired. To grant the motion in these circumstances would be to put aside the statutory limitation and to subject the party prevailing in the state court to uncertainty and vexation which the limitation is intended to prevent.

The provisions relating to substitution which were added to section 206 of the Transportation Act of 1920 by the act of March 3, 1923, c. 233, 42 Stat. 1443, are cited in support of the motion. But, even when they are liberally construed, as they probably should be, they disclose no purpose either (a) to enable a former Federal Agent to invoke a review by this Court of a judgment which is of no legal concern to him, or (b) to modify or

enlarge the prescribed statutory period for invoking the reviewing power of this Court.

> *Motion for Substitution denied.*
> *Writi of Certiorari dismissed.*