## HATERIUS v. HOWE.
### No. 7505.

District Court, W. D. Missouri, W. D.

Sept. 21, 1931.

Charles M. Miller, of Kansas City, Mo., for plaintiff.

R. R. Brewster, of Kansas City, Mo., for defendant.

REEVES, District Judge.

On motion of plaintiff to strike out parts of defendant's amended answer. The petition in this case is upon a contract.

Plaintiff alleged that on July 12, 1928, the defendant, as the owner of 41,244 shares of the common stock of the Manhattan Oil Company, a corporation, employed the plaintiff and C. F. Alexander to effect an exchange of said shares for a part of the capital stock of the Independent Oil & Gas Company, a corporation.

The compensation for said services was to be 10 cents a share. It is alleged that such exchange was consummated and that plaintiff and the said Alexander became entitled to the sum of $4,124.40 from defendant. Alexander assigned his interests to plaintiff. Therefore plaintiff asked judgment in his own behalf for the full amount of the compensation agreed upon.

The defendant filed a general denial to plaintiff's petition. Upon the issues thus made up, the cause was docketed and called for trial. While awaiting trial, defendant filed an amended answer wherein he undertook to set up a cause of action in equity against plaintiff and the said C. F. Alexander. He asked that Alexander be made a party. It is this portion of the amended answer which plaintiff now seeks to have stricken out.

1. Section 820, R. S. Mo. 1929 (Mo. St. Ann. § 820), permits litigants to bring in new parties "when a complete determination of the controversy cannot be had without" them. This can be done by amendment of the petition or by supplemental petition and a new summons. This has been considered to mean that such an amendment can only be made when it does not introduce a new and distinct cause of action. In the instant case defendant's amendment proposes to introduce a new and distinct cause of action.

2. Under the common law, new plaintiffs or new defendants could not be brought into an action by way of amendment to the pleadings. Such provision must be found in the statute. Since defendant seeks to raise an equitable issue or defense, he must come within the provisions of section 398, title 28 U. S. Code (28 USCA § 398).

This section specifically permits the interposition of equitable defenses "by answer, plea, or replication without the necessity of

filing a bill on the equity side of the court." However, this means only "equitable relief respecting the subject matter of the suit." No provision is made therein for bringing in new parties. Breitung v. Packard (D. C.) 260 F. 895.

In the instant case the defendant asked for equitable relief upon other and different subject-matter.

█ 3. Moreover, allowing such amendments, if permissible at all, is within the sound discretion of the court. The defendant in this case, both because of the delay in filing such an answer and because of the matter contained therein, does not invoke a discretion in his favor. The motion, therefore, of the plaintiff to strike out portions of defendant's amended answer will be sustained. It is so ordered.