## HOWE v. HATERIUS.
### No. 9701.

Circuit Court of Appeals, Eighth Circuit.
July 27, 1933.

R. R. Brewster, of Kansas City, Mo. (William B. Bostian, of Kansas City, Mo., on the brief), for appellant.

Charles M. Miller, of Kansas City, Mo., for appellee.

Before KENYON and GARDNER, Circuit Judges, and DEWEY, District Judge.

DEWEY, District Judge.

The assignment of error relates only to an order dismissing an amendment to the answer.

The appellee as plaintiff commenced a suit in the United States District Court for the Western District of Missouri, the petition being filed on the 3d day of May, 1929, and alleges that the defendant, appellant here, and other stockholders of the Manhat-

836

tan Oil Company, entered into a written contract with him by the terms of which they agreed to pay plaintiff and one C. F. Alexander 10 cents per share as commission for the exchange of shares of stock of the defendant and others in the Manhattan Oil Company for the stock of the Independent Oil & Gas Company; that plaintiff and the said Alexander effected said exchange; that on account thereof there was due them from the defendant the sum of $4,124.40; that the said Alexander had sold and assigned his interest in said commission to the plaintiff. A demurrer to plaintiff's petition was filed by the defendant on December 3, 1929, but this was withdrawn on February 24, 1930, and on March 17, 1930, the cause was in issue on a general denial.

The matter was then continued until February 27, 1931, when the amendment to the answer was filed by the defendant that was later stricken from the record by the court.

The amendment alleges, in substance, that on or about the 30th day of October, 1927, the defendant, the plaintiff, and C. F. Alexander entered into an oral agreement to act as brokers in the purchase or exchange of the capital stock of various oil companies, and agreed that all commissions realized should be divided equally among said three persons; that, pursuant to said agreement and through their mutual efforts, they did procure exchanges of the capital stock of certain oil companies, and that therefrom C. F. Alexander and plaintiff received large sums of money as commissions and in excess of $3,000; that under their mutual agreement the defendant is entitled to one-third of these commissions, but the other parties have refused to pay the defendant, although he has made demand therefor.

Defendant further alleged:

"That he was the owner of a large amount of the capital stock of the Manhattan Oil Company aforesaid at the time of the procuring of an exchange of stock therein for stock in the Independent Oil & Gas Company, as aforesaid, and that after this defendant and the said Chauncey M. Haterius and Charles Freeman Alexander, in carrying on their mutual agreement, as aforesaid, had negotiated and arranged for the exchange of the stock of certain of the other stockholders in said Manhattan Oil Company for stock in the Independent Oil & Gas Company, as aforesaid, said stockholders refused to carry out said contract of exchange unless a written contract of settlement was had as to the commissions to be paid by them for procuring said exchange, which said commissions had been earned by this defendant, the said Charles Freeman Alexander and Chauncey M. Haterius, as aforesaid, and said stockholders refused to carry out said contract of exchange unless this defendant would, also, sign said contract of settlement as to commission, agreeing upon his part to pay a commission for procuring an exchange of his said stock.

"Defendant further states that, in order to persuade said stockholders to carry out said exchange and thereby entitle said Chauncey M. Haterius, Charles Freeman Alexander and this defendant to commissions for procuring the same, this defendant was induced by the said Chauncey M. Haterius and Charles Freeman Alexander to sign said contract of settlement, together with said other stockholders, wherein each of said stockholders, including this defendant, agreed to pay a commission to said Chauncey M. Haterius and said Charles Freeman Alexander for the procuring of the exchange of their stock in said Manhattan Oil Company for stock in the said Independent Oil & Gas Company, but that it was mutually agreed and understood between said Chauncey M. Haterius, Charles Freeman Alexander and this defendant that this defendant should not be bound by said written agreement but should receive one-third of the commissions received by said Chauncey M. Haterius and Charles Freeman Alexander under the terms thereof pursuant to their said oral agreement made on or about the 30th day of October, 1927, as aforesaid."

And the defendant further alleged that, pursuant to said agreement and understanding, he signed the contract of settlement providing for a payment of 10 cents a share to Haterius and Alexander for the exchange of his stock; that as a result of his signing the contract the other stockholders signed the contract and paid Haterius and Alexander large sums of money as commission, one-third of which belongs under the oral arrangement to the defendant. The defendant then claims that Haterius and Alexander are estopped from asserting any liability upon the part of the defendant under the written contract, and should be enjoined from proceeding against this defendant thereon, and he is entitled to have an accounting taken between him and said Haterius and Alexander for the alleged profits. And the defendant prays that C. F. Alexander be made a party to the action, that said contract of settlement upon which the suit was brought be canceled, in so far as

it purports to impose a penalty upon the defendant, and for an accounting with judgment for any sum of money found due the defendant from such accounting and for equitable relief.

On March 2, 1931, the plaintiff moved to strike this amendment on several grounds, among them being that the amendment was filed out of time, the issues having been joined and the cause set for trial Monday, March 2, 1931; that the defendant should not be permitted on account of delay to urge the same, and that the defense was not made in good faith, but solely for the purpose of delay and to harass and vex the plaintiff; and because, since the institution of this suit, defendant filed in the circuit court of Jackson county, Mo., at Kansas City, on October 25, 1929, a suit against this plaintiff containing the same allegations and asking for the same relief as does said amended answer.

Other grounds to strike were made and sustained by the trial court, and, while interesting questions are raised, they need not here be determined.

The motion to strike was sustained on September 21, 1931, the court filing a memorandum opinion ([D. C.] 4 F. Supp. 654) wherein he recites, among other things, as follows: "The defendant filed a general denial to plaintiff's petition. Upon the issues thus made up, the cause was docketed and called for trial. While awaiting trial defendant filed an amended answer wherein he undertook to set up a cause of action in equity against plaintiff and the said C. F. Alexander. He asked that Alexander be made a party. It is this portion of the amended answer which plaintiff now seeks to have stricken out."

The third ground stated by the court for striking the amended answer is as follows: "3. Moreover, allowing such amendments, if permissible at all, is within the sound discretion of the court. The defendant in this case, both because of the delay in filing such an answer and because of the matter contained therein, does not invoke a discretion in his favor."

Thereafter the cause proceeded to trial upon the issue raised by plaintiff's petition and the general denial of the defendant, resulting in a judgment for the plaintiff in an amount of $4,969.92.

It is the contention of appellant that he was entitled to have the amendment to the answer filed and considered by virtue of sections 274a and 274b of the Judicial Code (sections 397 and 398, title 28, U. S. C. [28 USCA §§ 397, 398]). These provisions of the Judicial Code have to do with the filing of amendments to pleadings in order to conform them to the proper practice in law or in equity and in granting permission to defendant in law actions to interpose equitable defenses.

There is another section of the statute, however, which does not in any way conflict with, nor is it controlled by, the above sections of the Judicial Code. Section 954 of the Revised Statutes (section 777, title 28, U. S. C. [28 USCA § 777]) provides, among other things, that the court "may at any time permit either of the parties to amend any defect in the process or pleadings, upon such conditions as it shall, in its discretion and by its rules, prescribe."

■■ This statute governs the practice of filing amendments to pleadings in the federal courts, and as interpreted by the courts affects that practice as follows: First, it grants to the courts the authority to permit or reject proffered amendments; second, supersedes the practice of state courts, Henderson v. L. & N. R. R., 123 U. S. 61, 8 S. Ct. 60, 31 L. Ed. 92; Lange v. Union Pac. R. Co. (C. C. A.) 126 F. 338; Board of Drainage Com'rs v. LaFayette Southside Bank of St. L. (C. C. A.) 27 F.(2d) 286, 293; third, provides that the allowance of amendments to pleadings is discretionary with the trial court, and the action of the trial court in refusing to permit an amendment, even though erroneous, may not be reversed for error, unless a gross abuse of discretion was committed, Chirac v. Reinicker, 11 Wheat. 280, 6 L. Ed. 474; United States v. Lehigh Valley R. R. Co., 220 U. S. 257, 31 S. Ct. 387, 55 L. Ed. 458; Dietz v. Lymer (C. C. A.) 61 F. 792; Chicago Great Western R. Co. v. McCormick (C. C. A.) 200 F. 375, 377, 47 L. R. A. (N. S.) 18; Incorporated Town of Stonewall v. Stone (C. C. A.) 207 F. 540; Board of Drainage Com'rs v. LaFayette Southside Bank of St. L., supra; Schulenberg v. Norton (C. C A.) 49 F.(2d) 578.

The trial court might well have stricken the amendment on the ground that it was filed without permission, but the authority of the court was the same whether passing on a motion to strike an amendment to a pleading filed without permission or a proffered amendment.

The record discloses that, after the motion to strike was submitted to the trial court, and before his decision thereon, he was notified that the cause of action in the circuit court of Jackson county, Mo., had been dismissed by the plaintiff in that court (appellant here). This incident is of little or of no importance even were the notice filed in writing, because, when a motion is argued and submitted to a court for decision, it is the duty of the court to decide the same upon the record as it existed at the time of the submission. 42 C. J. 510; Jacoby v. Mitchell, 19 Neb. 537, 26 N. W. 255. We are satisfied that there was no abuse of discretion by the trial court.

No other assignment of error being presented to this court, the judgment is affirmed.