## SWEENEY v. GREENWOOD INDEX-JOURNAL CO.

### Civil Action No. 181.

District Court, W. D. South Carolina,
Greenwood Division.

March 4, 1941.

Whiteside & Taylor, of Spartanburg, S. C., and Norwood & Walker, of Greenville, S. C., for plaintiff.

Grier, McDonald & Todd, of Greenwood, S. C., for defendant.

LUMPKIN, District Judge.

This is a libel action by the plaintiff, Martin L. Sweeney, resident of the State of Ohio, against "The Greenwood Index-Journal Co., Inc.", defendant, as named in the summons. In the title and body of the complaint the name of the defendant is "The Greenwood Index-Journal Company, a corporation". The summons and complaint were served on the named defendant by the Marshal by handing the same to one Arthur Lee at Greenwood, South Carolina, described in the proof of service as the secretary-treasurer of said named defendant. This service was on December 20, 1940.

On January 7, 1941, "The Index-Journal Company", a corporation organized and existing under the laws of the State of South Carolina and having its principal place of business at Greenwood, South Carolina, appearing specially for the purpose of objecting to the jurisdiction of the court, filed a motion to dismiss the action or in lieu thereof to "vacate, set aside, or quash the service or attempted service of the Summons herein". This motion, made on the record, and affidavits of H. L. Watson and Arthur Lee, its president and secretary-treasurer respectively, submitted therewith, presents these grounds: (a) Lack of jurisdiction over the person, (b) insufficiency of process and (c) insufficiency of service of process. It is made under Rule 12 (b) of the Rules of Civil Procedure following Section 723c of the Judicial Code, 28 U.S.C.A.

No testimony was offered by the plaintiff.

The facts are undisputed. From the record it appears, and I so hold, that there is no such corporation as "The Greenwood Index-Journal Co., Inc.", named as the defendant in the summons or "The Greenwood Index-Journal Company" as stated in the complaint; that "The Index-Journal Company", the moving party here, is a corporation organized and existing under the laws of South Carolina, and owns and publishes an evening newspaper at Greenwood, South Carolina, known as "The Index-Journal", and Arthur Lee is the secretary-treasurer of said corporation; that the return of the Marshal or proof of service describes the said Arthur Lee as secretary of the defendant named in the summons, a non-existent corporation as aforesaid.

Upon the hearing of the motion to dismiss and to quash the summons, plaintiff admitted that the name of the corporation which he intended to sue was not correctly stated either in the summons, complaint or proof of service, and in fact that there is no such corporation as that named therein. Plaintiff, therefore, moved orally to be allowed to amend said process and pleading by striking therefrom the word "Greenwood" wherever it appears. The provisions of Section 767 and 777 of the Judicial Code, 28 U.S.C.A., are relied upon as authorizing and requiring the allowance of such amendments, which would leave the name of the defendant in the summons as "The Index-Journal Co., Inc.", not, strictly speaking, the name of the corporation which plaintiff asserts he intended to sue. But in the complaint the name of such corporation would be nearly correct.

The question for decision is as to the effect or result of the mistake or error in the name of the defendant as stated in the summons—the designation of a non-existing corporation. If this misnomer or mistake on the part of the plaintiff constitutes a fatal defect, that is a defect of substance and not one merely of form, the process would be void ab initio and the court would not have acquired jurisdiction over the person of "The Index-Journal Company", and there would be as recognized by Rule 12 (b) both insufficiency of process and insufficiency of service of process. In such case, the broad and liberal powers of the court as to amendments under the Rules of Civil Procedure could not be exercised. A summons, which is ineffective to give the court jurisdiction, may not be amended. Bull et al. v. Chicago M. & St. P. R. R. Co., D.C., 6 F.2d 329. The question then as to whether or not the summons in this case is ineffective to give jurisdiction depends upon whether the admitted defect is one of mere form or of substance. This is true both under Sections 767 and 777 of the Judicial Code, 28 U.S.C.A., and under the Federal Rules of

Civil Procedure, 28 U.S.C.A. following Section 723c. Prior to the promulgation by the Supreme Court of the Federal Rules of Civil Procedure pursuant to the rule making Act of 1934, 48 Statutes 1064, 28 U.S.C.A. §§ 723b, 723c, and particularly Sections 767 and 777 supra, whether defects of summons were matters of form or of substance had to be determined by state law under the Conformity Act, Section 724, title 28, unless there was a valid governing rule of court. United States v. French, 8 Cir., 95 F.2d 922, 924. As was said in this case: "Section 777 of title 28 U.S.C.A. provides that 'No summons * * * shall be abated, arrested, quashed, or reversed for any defect or want 'of form.' Obviously, this provision does not extend to defect or want of substance. While this statute prevails over state law and is without the Conformity Act (Mexican Central Ry. Co. v. Duthie, 189 U.S. 76, 78, 23 S.Ct. 610, 47 L.Ed. 715; Henderson v. Louisville & N. R. Co., 123 U.S. 61, 64, 65, 8 S.Ct. 60, 31 L.Ed. 92; Howe v. Haterius, 8 Cir., 66 F.2d 835, 837; In re Griggs, 8 Cir., 233 F. 243, 244), yet, by its very terms, it does not extend to substantial defects."

Rules 1, 15 and 61 relate to amendments, supplemental pleadings and harmless error. Rule 4 (h) incorporates almost exactly the language of Section 767, supra. Section 777, which enlarges or extends the field of operation of Section 767, does not appear to have been adopted in the new Federal Rules of Civil Procedure in its exact terms, but undoubtedly all of the power thereby conferred upon the District Courts is included in the Federal Rules of Civil Procedure. It is not, therefore, necessary to determine for the purposes of this action whether or not Sections 767 and 777 are repealed or superceded by the new Federal rules. Under the old statutes of practice and procedure or under the new Federal Rules of Civil Procedure, which as stated in Rule 1, now govern and control the court, the distinction and difference between defects in process which are merely matters of form and matters of substance, must still be made and recognized.

In connection with the rules referred to, must be considered the provisions of Rule 12 (b) under which this motion is made. This rule relates to defenses and objections and when and how presented, by pleading or motion. The motion is timely under subdivision (a). It incorporates three of the grounds specified in subdivision (b). This section of the rule provides "Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, crossclaim, a third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: * * * (2) lack of jurisdiction over the person, * * * (4) insufficiency of process, (5) insufficiency of service of process." Subdivision (d) of the rule provides that "the defenses specifically enumerated" in subdivision (b), "whether made in a pleading or by motion, * * * shall be heard and determined before trial on application of any party."

The motion of The Index-Journal Company, which appears specially, is to dismiss this action because of insufficiency of process and insufficiency of service of process which results in the lack of jurisdiction of the court over its person. This rule and its several provisions interpreted in connection with Rule 4 (h), which is practically the same as Section 767, supra, and which provides that "the court may allow any process or proof of service thereof to be amended, unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process issued," clearly means that defects of substance in process or in the service of the process or in the proof of the service may be fatal and work an abatement or bar of the action. The motion here under Rule 12 (b) is in reality a plea in abatement or bar. Such a plea simply destroys the pending suit but does not prevent the plaintiff from commencing it again.

At common law and under the code practice generally the mere misnomer of a defendant was properly pleaded in abatement. This rule applies to corporations as well as individuals. 1 Amer. Jur. 26; Waldrop v. Leonard, 22 S.C. 118; Miller v. George, 30 S.C. 526, 527, 9 S.E. 659; Tilford v. Franklin Fire Insurance Company of Philadelphia, 25 Ga.App. 641, 104 S.E. 19.

"The abatement of an action in the sense of the common law is an entire overthrow or destruction of the suit resulting from the fact that the defendant pleads some matter which defeats the action for the present." 1 Amer.Jur. 19. Abatement was useful as a defense or objection in the

nature of a plea in bar for a mere formal defect or misnomer. Specktor v. Northwestern Insurance Company, 8 Pa.Dist. & Co. R. 510; 1 C.J.S., Abatement and Revival, § 3, 31. Under such plea, jurisdiction of the person of the defendant is involved. 1 C.J.S., Abatement and Revival, §§ 8, 9, 10, 37, 38. In this case, however, there is something more than a mere misnomer. The corporation named as defendant in the summons is not a corporation. This, I think, is a defect of substance or materiality and not one of form.

■ Furthermore, it is a well established rule in Federal Courts that to undertake to cure a defect in a summons by substituting another defendant is the commencement of a new and independent action. Third National Bank & Trust Company of Springfield, Mass. v. White, 1 Cir., 58 F.2d 411. See the case of Davis v. Cohen Company, 268 U.S. 638, 45 S.Ct. 633, 69 L.Ed. 1129, also Mellon, Agent v. Weiss, Administrator, 270 U.S. 565, 46 S.Ct. 378, 70 L.Ed. 736; United States v. Martinez, Administrator, 195 U.S. 469, 25 S.Ct. 80, 49 L.Ed. 282; Parker v. New England Oil Corporation, D.C., 13 F.2d 497; Herbert v. Payne, 8 Cir., 291 F. 555. Compare Davis v. Preston, Administratrix, 280 U.S. 406, 50 S.Ct. 171, 74 L.Ed. 514.

■ The plaintiff has cited in support of his motion to amend the case of Hernan v. American Bridge Co., 6 Cir., 167 F. 930. This case differs materially from the instant case. For one thing, the summons gave the correct name of the defendant. This defendant appeared generally in the action and answered fully. Later it moved to require the plaintiff to make its amended petition more definite and certain. Several times the cause was continued. The answer to the amended petition was interposed in the name of the defendant as stated in the summons. The plaintiff filed a third amended petition. Thereafter the cause was again continued. Thereafter upon a finding of facts in regard to the agency of the person upon whom process was served, the District Court held that it was without jurisdiction and dismissed the action at plaintiff's costs. The case involved really the allowance of an amendment to correct a misdescription of the name of the defendant as it appeared in the complaint or petition and not a defect in the process itself. The case is interesting but in view of the adoption of the new Federal Rules of Civil Procedure, which undoubtedly govern the court in cases of this kind, and especially in view of the fact that Rules 4 and 12 must be construed together, the case is not applicable. As a matter of fact, the amendment was allowed to petition and not to process and affected merely words of description which the court held not to be any part of the name of the corporation.

In the case of Gagnon v. United States, 193 U.S. 451, 454, 24 S.Ct. 510, 511, 48 L.Ed. 745, the Supreme Court declared that the power to amend "must not be confounded with the power to create. It presupposes an existing record, which is defective by reason of some clerical error or mistake, or the omission of some entry which should have been made during the progress of the case, or by the loss of some document originally filed therein. The difference between creating and amending a record is analogous to that between the construction and repair of a piece of personal property. * * * The power to recreate a record, no evidence of which exists, has been the subject of much discussion in the courts, and the weight of authority is decidedly against the existence of such power". This, of course, was before the promulgation of Federal Rules of Civil Procedure. The principle, however, is still applicable.

It is suggested by the plaintiff that if the Court does not allow the admitted defect in the summons to be cured by an amendment and grants the motion to quash the summons and dismiss the action, and the plaintiff thereupon commences a new action, there would be available to the defendant in the new action, which would undoubtedly be The Index-Journal Company, which the plaintiff intended to sue, the defense of the bar of the statute of limitations, which defense would defeat the plaintiff's claim for relief. While this is true, it is also true that the allowance of the amendment asked for by the plaintiff would not relieve him of the defense of the statute of limitations for the simple reason that by the allowance of the amendment a new defendant, The Index-Journal Company, an existing corporation, would be substituted for the misnamed defendant, the non-existing corporation. This, as I have concluded above, would be in effect the commencement of a new action. Clearly the substituted defendant would have available to it any and all defenses, to plaintiffs claim for relief existing at the time of the substitution, and among them would be the statute of limitations. Fur-

thermore, if, as I have concluded, the defect in the summons is material and of substance—not a mere matter of form—it would be, if the motion to amend were granted, in effect to give no meaning or efficacy to Rule 12 (b). It would practically nullify this rule and render meaningless, whether raised by motion or set up in an answer, the defenses or pleas specifically enumerated in the rule or some of them at least.

So, after carefully considering the relevant rules of the Rules of Civil Procedure as heretofore mentioned as well as others more or less related to the questions involved, and recognizing the modern trend of liberal amendments as well as the revised statutes of practice and procedure, whether or not they have been repealed by the promulgation of the Federal Rules of Civil Procedure, I am irresistibly led to the conclusion that the motion to dismiss or quash presented by The Index-Journal Company should be granted and plaintiff's motion to amend should be denied.

It is so ordered.