**CITY OF MIAMI v. SHAWANO PLANTATION, Inc., et al.**

Civil Action No. 870–M.

District Court, S. D. Florida,
Miami Division.

Aug. 16, 1943.

J. W. Watson, Jr., City Atty., and William W. Charles, Asst. City Atty., both of Miami, Fla., for petitioner.

Earnest, Lewis & Smith, of West Palm Beach, Fla., for defendant.

HOLLAND, District Judge.

This is a condemnation action by the City of Miami, a municipal corporation of the State of Florida, with Shawano Plantation, Inc., a New Hampshire corporation, permitted to do business in Florida, as the sole defendant. Petition was filed in the Circuit Court of Dade County, Florida, on May 28, 1943. Summons and notice to show cause issued immediately, and was served on June 11, 1943, in Palm Beach County, Florida, upon Shawano Plantations, Inc., a New Hampshire corporation, said summons being upon one W. Turner Wallis as resident agent of said New Hampshire corporation. Publication notice in accordance with the process statute of the State of Florida was also made, and published in the Miami Herald, a newspaper published in Dade County, Florida. Shawano Plantation, Inc., reciting that it was a corporation organized and existing under and by virtue of the laws of the State of Maine, appeared specially, and successfully removed the case to this Court.

The order of removal was made June 24, 1943, and recited that defendant Shawano Plantation, Inc., had petitioned for said removal.

Shawano Plantation, Inc., a Maine corporation, on July 28, 1943, appeared specially and moved that summons, publication process, notice, and return thereon, be quashed and vacated.

On August 12, 1943, the City of Miami moved to amend its petition by naming Shawano Plantation, Inc., a corporation under the laws of Maine, and not under the laws of New Hampshire; and further moving, after a successful amendment, for the issuance of process against the resident agents of the Maine corporation, and further moving to have publication process made as to said Maine corporation.

This is a condemnation suit instituted against a New Hampshire corporation, and there apparently is no such corporation. Unless there was a defendant of citizenship diverse to petitioner, there could be no proper removal to this Court. The fact that there is a Maine corporation does not help the petitioner. This Court can make no proper order bringing in a Maine corporation as a defendant by amendment, when such Maine corporation is the sole defendant, was not a defendant in the State Cir-

cuit Court, and at a time when there is no existent defendant before this Court. The case should be remanded to the State Court for further proceedings, where amendments seeking to name new parties defendant would be in order. As a petition for condemnation, there was jurisdiction of the res, and amendments bringing in proper parties can be appropriately sought in the court of original jurisdiction.

The New Hampshire corporation, appearing specially, seeks the quashing or vacating of process, and in effect seeks a dismissal of this action, and in support of this position cites Sweeney v. Greenwood Index-Journal Co., D.C., 37 F.Supp. 484. The citation of a transitory action is not pertinent to this a condemnation action. Furthermore, the reasoning of the Sweeney case is based on the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, which are not applicable to the present state of this condemnation action. I realize that by Rule 81(c) the Federal Rules of Civil Procedure apply to a removed action, but I do not think that provision overrides the provisions of 81(a). Though the latter statement of law may be debated, the force of the reasoning otherwise independently justifies the conclusion reached.

It is ordered that this case be remanded to the State Court from which it came.